UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO. 2:18-CV-01560 |
| | ) | |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VASCURA |
| | ) | |
| CAMPUS HOTEL, LLC, | ) | **PLAINTIFF SPENCER NEAL'S** |
| | ) | **MOTION FOR SUMMARY** |
| Defendant. | ) | **JUDGMENT** |
| | ) | |

Now comes Plaintiff SPENCER NEAL, by and through his undersigned counsel, pursuant to the provisions of Rule 56(c) of the Federal Rules of Civil procedure, and hereby files the following Motion for Summary Judgment as there exists no genuine issue of material fact and that Plaintiff is entitled to Summary Judgment as a matter of law, and states as follows:

1. On December 4, 2018, Plaintiff filed a Complaint for violations of the provisions of Title III of the Americans with Disabilities Act, 42 U.S.C. section 12181 *et seq* (the "ADA"). See Complaint, Doc# 1.

2. Defendant is the owner and operator of the subject place of public accommodation as defined under the Americans with Disabilities Act.

3. Plaintiff's expert performed a Rule 34 inspection of the premises and generated a report based on his findings. In his report, Plaintiff's expert detailed an extensive list of ADA violations and recommended remedial measures.

4. Defendant failed to submit its own expert report concerning accessibility and remedial measures in rebuttal of Plaintiff's expert's report.

1

5.	Plaintiff also retained an expert in analyzing the finances of the Defendant; said expert determined that all remediations proposed by Plaintiff are readily achievable.

6.	Again, Defendant failed to submit its own expert report in rebuttal of Plaintiff's expert report concerning readily achievable barrier removal.

7.	Based on the undisputed facts shown in the pleadings, discovery, affidavits, and reports attached to this Motion for Summary Judgment, there is no genuine issue of material fact.

WHEREFORE, Plaintiff requests:

1.	That the Court grant Summary Judgment, finding Defendant liable to Plaintiff for maintaining its property in violation of the ADA.

2.	Order an injunction against Defendant prohibiting it from discrimination against Plaintiff or disabled individuals at its place of public accommodation.

3.	Immediate closure of Defendant's place of business until completion of all remedial alterations necessary to make the premises accessible by individuals with disabilities and otherwise comply with the ADA.

4.	The Court award Plaintiff his attorney fees and litigation expenses, including expert fees and costs, as the prevailing party.

Respectfully submitted,

**/s/ COLIN G. MEEKER**
Colin G. Meeker (#0092980)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Dr.
Akron, OH 44319
Office: (330) 253-3337
Fax: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff, Spencer Neal